NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1415

COMMONWEALTH

vs.

TARIF T., a juvenile.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

As a juvenile, the petitioner was found delinquent on July 15, 1992, after admitting to sufficient facts with respect to one count of possession of a firearm without a firearms identification card, G. L. c. 269, § 10 (h); and one count of discharging a firearm within 500 feet of a building, G. L. c. 269, § 12E. He was committed to the Department of Youth Services with a suspended commitment and a one-year term of probation which ultimately was terminated early.

On August 29, 2024, over thirty-two years after the petitioner's adjudication of delinquency, he brought a petition for expungement with the Bristol County Division of the Juvenile Court Department. He sought a "reason-based expungement" under

G. L. c. 276, § 100K (a).  Under the statute, a court may order the expungement of a record created as a result of a Juvenile Court appearance or disposition if the court determines, based on clear and convincing evidence, that, as relevant here, "the record was created as a result of: . . . (3) demonstrable errors by law enforcement; [or] (5) demonstrable errors by court employees."  Id.[1]

The petitioner's argument is based on his own assertion that rather than possessing and discharging a firearm, he possessed and discharged a BB gun.  A BB gun, of course, is not within the definition of "firearm," see Commonwealth v. Garrett, 473 Mass. 257, 258 (2015), and he claims that the finding of delinquency, therefore, was the result of an error, either by law enforcement or court personnel.

The motion judge, however, did not credit his testimony that he discharged only a BB gun.  And, of course, the judge is not bound to believe the word of the petitioner.

The petitioner testified at the motion hearing that he had attempted to get the police report from the arresting police

---

[1] The petitioner also suggests that the record was created as a result of "an offense at the time of the creation of the record, which at the time of expungement is no longer a crime." G. L. c. 276, § 100K (a) (2).  As the motion judge explained in her order, the crimes with which he was adjudicated delinquent remain crimes today.

2

department, but that it had been destroyed or disposed of due to the passage of time. He argues that if the Commonwealth does not have evidence to demonstrate what he possessed and discharged was a firearm, his testimony must be believed. But the petitioner has pointed us to no source of law requiring the retention or maintenance of municipal police records indefinitely or for over thirty years.

Although we recognize the difficulty presented by the lawful destruction of records after a period of time, indeed, given their importance and the dramatically reduced cost of keeping them in digital form now available, this might be an issue worthy of legislative consideration, the absence of these records, with no indication that their destruction or loss was in bad faith, cannot demonstrate by clear and convincing evidence that they would support the petitioner's version of events over thirty years after his conviction. Nor was it unreasonable for the motion judge to determine that a conclusion that the petitioner failed to prove by clear and convincing evidence that what he possessed and fired was a BB gun was supported by the fact that no one involved in the case at the time ever indicated that it was problematic to charge the petitioner and find him delinquent for violations of the firearms statutes.

3

Nor, finally, did the petitioner present any affidavits or other pieces of evidence that might support his version of events, whether from police involved in the matter at the time or others.

It is true that the Juvenile Court docket includes a notation on the date of the 1992 hearing and the imposition of probation stating, "Ordered BB gun confiscated." But the meaning of this phrase is ambiguous, and we see no abuse of discretion in the motion judge's conclusion that the docket entry does not demonstrate by clear and convincing evidence that the BB gun to which the docket refers was used in the commission of the crime. Perhaps, for example, though of course we make no finding on the matter, this notation meant that as a condition of probation, given the adjudication of delinquency, the petitioner could no longer possess his BB gun.

For these reasons, the order denying the petition for expungement is affirmed.

<u>So ordered</u>.

By the Court (Rubin, Shin & Singh, JJ.[2]),

Clerk

Entered:  April 21, 2026.

---

[2] The panelists are listed in order of seniority.